UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** **(In Chambers:) MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, AND/OR MOTION TO STRIKE PLAINTIFFS' COMPLAINT ON BEHALF OF DEFENDANTS COUNTY OF LOS ANGELES, DEPUTY REYES, DEPUTY PAYNE, STEVE SUZUKI AND CAPTAIN DENDO** (filed 11/22/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION

On October 12, 2010, plaintiffs Cristina Gutierrez, Hector Gutierrez Sr., and Hector Gutierrez Jr. (collectively the "Gutierrezes") filed the complaint in the instant action against defendants County of Los Angeles (the "County"); Deputy Reyes # 480735 ("Reyes"), individually and as a peace officer; Deputy D. Payne #470624 ("Payne"), individually and as a peace officer; Steve Suzuki #259461 ("Suzuki"); and Captain Matt Dendo ("Dendo"). Plaintiffs allege that defendant officers entered their residence under the guise of a probation search related to Alvaro Gutierrez, plaintiffs' son and brother, and removed jewelry and firearms with no reason to do so. Compl. ¶ 7. Plaintiffs allege that they were not given an accounting of the items seized during the search, and were abused by the station staff and officers when they attempted to retrieve the items from the station. Id. Hector Gutierrez Jr. alleges that he was improperly detained after showing defendant officers where his father's guns were in house. Id. Plaintiffs allege they filed complaints with the station to no avail. Plaintiffs allege that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

they have a Los Angeles Superior Court order from August 10, 2010 requiring return of plaintiffs' property, but defendants have not complied. Id. Plaintiffs allege the following claims in relation to these facts: (1) civil rights violations for unreasonable search and seizure, and conspiracy to deprive civil rights, pursuant to 42 U.S.C. § 1983; (2) Monell violations based on custom, policy, & practice pursuant 42 U.S.C. § 1983; (3) false arrest; (4) conversion; (5) conspiracy; (6) intentional infliction of emotional distress; (7) negligent employment; (8) torts in essence; and (9) negligence.

On November 22, 2010, defendants filed the instant motion to dismiss and/or motion to strike. On December 20, 2010, plaintiffs filed an opposition to defendants' motion. On December 27, 2010, defendants filed a reply in support of their motion. After carefully considering the parties' arguments, the Court finds and concludes as follows.

**II.  LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## III. DISCUSSION

### A. Plaintiffs' First Claim: Section 1983 violations of the Plaintiffs' First, Fourth, and Fourteenth Amendment Rights

Defendants argue that plaintiffs' first claim fails to state a cause of action under 42 U.S.C. § 1983. Mot. at 2. To the extent the claim is based on an alleged violation of plaintiffs' First Amendment rights, defendants argue that plaintiffs "do not set forth any facts showing [such a violation]. Rather, their claims [are] related to a search." Id. To the extent the claim is based on an alleged violation of the Fourteenth Amendment, defendants argue that the claim cannot stand because 'an unauthorized intentional deprivation of property by a state employee does not constitute a violation of . . . the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available,' and the Ninth Circuit has held that such a remedy exists under California law. Id. at 3, citing Hudson v. Palmer, 468 U.S. 517, 544 (1984); Barnett v. Centoni, 31 F. 3d 813, 816-17 (9th Cir. 1994). To the extent the claim is based on an alleged violation of the Fourth Amendment, defendants argue that they are entitled to qualified immunity, because "an officer conducting a probation compliance check may lawfully search a probationer's residence and detain its occupants during the search, without a requirement of probable cause." Mot. at 4, citing Sanchez v. Canales, 574 F. 3d 1169 (9th Cir. 2009). Lastly, defendants argue that plaintiffs fail to state a claim for conspiracy under 42 U.S.C. § 1983, because they "do not set forth any facts to show a conspiracy but rather merely allege in conclusory fashion that there was a conspiracy by defendants to conceal their unconstitutional conduct." Mot. at 6. "Moreover, [defendants argue,] plaintiffs cannot maintain a conspiracy claim resulting in harm to a party based upon after-the-fact conduct." Id., citing Guyton v. Phillips, 606 F. 2d 248, 250 (9th Cir. 1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

Plaintiffs argue that Hector Gutierrez Jr. properly states a section 1983 claim based on the First Amendment on the theory that the officers' actions constituted retaliation for his protected speech. Opp. at 4. "Hector was seized in direct retaliation for his insistence that his mother's jewelry and father's firearms had nothing to do with a probation search of his brother's room. Hector Jr. consistently challenged the deputies being in his parents bedroom and his own to no avail. Reyes and Payne responded by locking Hector Jr. up for several hours to keep him out of the house and avoiding Hector's watchful eyes." Id. To the extent that the claim is based on an alleged violation of the Fourteenth Amendment, plaintiffs argue that they have properly stated a claim based on defendants' alleged violations of their duties with respect to property removed from a person's home as stated in the California Penal Code. Id. at 7. Moreover, plaintiffs argue, defendants are incorrect in arguing that a due process claim cannot stand for theft of property where the state provides a postdeprivation remedy. Id. at 8. In support of their argument, plaintiffs cite Bergquist v. County of Cochise, 806 F. 2d 1364, 1369 (9th Cir. 1986), *abrogated by* City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). The court in Bergquist held that the holding in Parratt, that property deprivations by state officials do not constitute deprivations of due process when they are procedurally random and unauthorized and the state provides adequate post-deprivation remedies, does not apply to denials of substantive due process, in which the deprivation is the taking of property itself, not the process by which the taking is accomplished. Id. at 8-9.

With respect to defendants' claim of qualified immunity to plaintiffs' Fourth Amendment claims, plaintiffs argue that "[n]either Cristina nor Hector Sr. assert they were unlawfully detained during the probation search. Nor do they challenge the defendant[s'] putative authority to search as it relates to Alvaro's probation. Rather, their claim rests upon the fact that (1) the deputies demanded and stole *their* guns and jewelry from the plaintiffs knowing neither had any connection to Alvaro and (2) that the deputies searched portions of the house and outbuildings which were in no way connected to Alvaro. Hence Plaintiffs['] contention is not unreasonable detention, but defendants' exceeding the reasonable and lawful bounds of the probation search related to Alvaro." Id. at 10.

With respect to the §1983 conspiracy allegations, plaintiffs contend that their "complaint sets forth the specific acts and omissions by which the defendants conspired

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

to violate their rights" in paragraph seven of the complaint. Id. at 11. "[T]he conspiracy alleged is not limited to covering up the thefts after the fact, but the ongoing corrupt misconduct designed to keep the plaintiffs['] property from them, notwithstanding a legitimate Superior Court order for their return." Id. Further, plaintiffs argue, "[t]he fact that Defendant DENDO was not present during the search and seizure of property at the plaintiffs['] residence, does not relieve him of liability because it is alleged DENDO, among others, participated in the cover up of the jewelry theft and personally refused to honor the Superior Court's order to return the property to Plaintiffs." Id. Plaintiffs argue that the actions taken by defendants after the seizure at issue are properly considered part of the larger conspiracy under Harris v. Roderick, 126 F. 3d 1189 (9th Cir. 1997). Id. at 12. "This manner of wrongful conduct, whether characterized as a cover-up, conspiracy or aiding and abetting, is cognizable under federal law and redressable in damages under § 1983." Id.

As an initial matter, the Court concludes that the allegations in the complaint are sufficient to state a plausible claim that Officer Reyes violated Hector Gutierrez Jr.'s First Amendment rights by detaining him in order to silence his criticism of the defendant officers. See Duran v. City of Douglas, 904 F.2d 1372, 1378 (9th Cir. 1990) (holding that the First Amendment protects even vulgar protest of police officer's conduct).

With respect to the claim that defendants' seizure of plaintiffs' property violated plaintiffs' Fourteenth Amendment substantive due process rights, the Supreme Court has held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." County of Sacramento v. Lewis, 523 U.S. 833, 841 (1998). However, because plaintiffs' allegations go beyond an improper search and seizure, the complaint sufficiently alleges that defendants' actions violated plaintiffs' substantive due process rights under the Fourteenth Amendment. Therefore, the Court DENIES defendants' motion to dismiss plaintiffs' Fourteenth Amendment claim.

Regarding plaintiffs' claim that defendants' seizure of plaintiffs' property violated their Fourth Amendment rights, plaintiff has produced facts to sufficiently state a claim that defendants' conduct constituted an unlawful seizure. The Supreme Court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

repeatedly held that any seizure of property without probable cause violates the Fourth Amendment. Sodal v. Cook County, 506 U.S. 56, 66 (1992). Plaintiffs allege that the officers did not have probable cause to seize the guns and jewelry from plaintiffs' residence. Therefore, the Court DENIES defendant's motion to dismiss plaintiffs' Fourth Amendment claim.

The Court finds that plaintiff has not alleged sufficient facts to adequately state a claim for conspiracy. The Ninth Circuit has held that, "[i]n order to survive a motion to dismiss, plaintiff alleging a conspiracy to deprive them of their constitutional rights must include in their complaint nonconclusory allegations containing evidence of unlawful intent or face dismissal prior to the taking of discovery." Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997)(internal quotations omitted). Further, a claim for conspiracy under 42 U.S.C. §1983 must establish, "the existence of an express or implied agreement among the defendant officers to deprive [the plaintiff] of his constitutional rights." Ting v. U.S., 927 F.2d 1504, 1512 (9th Cir. 1991). In their complaint, plaintiffs specifically allege that Dendo, in an effort to deprive plaintiffs of their property, misrepresented that the Office of the Ombudsman for the County exercised oversight of administrative investigations by the Sheriffs Department and could facilitate the return of plaintiffs' property. Compl. ¶ 7. These allegations detail how Dendo acted to keep plaintiffs' from obtaining their stolen property; however, plaintiffs fail to allege an express or implied agreement among the other officers to deprive plaintiffs of their property. Therefore, the Court GRANTS defendants' motions to dismiss with respect to plaintiffs' conspiracy claims without prejudice.

**B. Plaintiff's Second Claim**: **Section 1983 *Monell* Violation**

In Monell v. Department of Social Services, the United States Supreme Court held that municipalities can be held liable under 42 U.S.C. §1983 for policies that cause employees to violate an individual's constitutional rights. Monell v. Department of Social Services, 436 US 658, 724 (1978). Defendants argue that plaintiffs cannot establish an underlying constitutional violation necessary for a Monell violation. Mot. at 7. Defendants also claim that plaintiffs' Monell claims do not rise above conclusory statements and therefore do not state a valid claim. Further, defendants argue that Monell

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

liability can only be established pursuant to a well-established custom or practice of a government entity, which generally cannot be proven with a single occurrence. Mot. at 6, citing McDade v. West, 223 F.3d 1135, 1141 (9th Cir. 2000). Therefore, because the complaint only cites one occurrence, defendants argue that it cannot support a Monell claim. Mot. at 6.

Plaintiffs argue that they have pled a valid constitutional claim, therefore, their Monell claim should not be dismissed on the grounds suggested by the defendant. Opp. at 13.

As detailed in the preceding section, plaintiffs have sufficiently alleged violations of their constitutional rights. Further, their complaint states a Monell claim for which relief may be granted. Specifically, they allege that "[d]efendants County, LASD and Dendo had knowledge, prior to and since this incident, of repeated allegations of abuse and misconduct" by Reyes, Payne, and Suzuki. Compl. ¶19(1). The complaint also alleges that defendants also refused to enforce established administrative procedures to safeguard property of detainees and arrestees. Compl. ¶19(2). Therefore, the Court DENIES defendants' motion to dismiss plaintiffs claim for Monell violations.[1]

///
///
///
///
///
///

---

[1] Defendants seek to strike allegations of withholding Brady evidence from the complaint. Mot. at 7. Defendants claim that these allegations should be struck because the case does not involve withholding of Brady evidence, but rather a search of plaintiffs residence. Mot. at 6. The Court finds that the plaintiffs have not made any allegations that support a Brady claim. Therefore the Court GRANTS defendants' motion to strike.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

**C. Plaintiffs' State Law Claims**

**1. The California Government Claims Act**

Defendants argue that plaintiffs' state law claims should be barred because they did not comply with the Government Claims Act ("GCA"), Cal. Gov. Code §§910, 911.2, 945.4. Mot. at 7. Pursuant to the GCA, a plaintiff must file a claim with the agency whose action(s) it is challenging no later than six months after the accrual of the cause of action. Cal. Gov. Code § 911.2(a)(West 2006). If the plaintiff does not file such a claim, he/she will be precluded from filing a civil cause of action against the state entity or employee for the wrongful acts at issue. Cal. Gov. Code § 945.5 (West 2006). Defendants argue that plaintiffs Cristina and Hector Gutierrez, Sr. did not file a claim with the LASD, as mandated by the GCA. Mot. at 8. Therefore, defendants argue that all state claims alleged by Cristina and Hector Sr. should be dismissed. Further, defendants argue that although Hector Jr. did submit a claim under the GCA, his claim failed to state the factual basis for his cause of action. Id. Specifically, defendants contend that his claim makes no mention of any false arrest, conspiracy, intentional infliction of emotional distress, negligent employment, torts in essence or negligence. Id. at 9. As a result, defendants maintain that Hector Jr. should not be able to pursue such claims in this Court. Id.

Plaintiffs argue that Hector Jr.'s government claims form was submitted on behalf of himself and his parents. Opp. at 13. Therefore, plaintiffs contend that the state claims by Cristina and Hector Sr. should not be barred because they did not submit a government claims form pursuant to §945.5. Plaintiffs further argue that Hector Jr.'s claim satisfies the requirements of the GCA. Id. The doctrine of substantial compliance validates a GCA claim if it substantially complies with all of the statutory requirements of the GCA, even though it is technically deficient in one or more particular way. Garber v. City of Clovis, 698 F.Supp.2d 1204, 1214-15 (E.D. Cal. 2010). Plaintiff contends that the form filled out by Hector Jr. describes in detail how he, Hector Sr., and Cristina were injured by defendants. As such, plaintiffs argue that the claims form support the plaintiffs' state claims for false arrest, conversion, conspiracy, intentional infliction of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

emotional distress, negligent employment, retention, and supervision, torts in essence, and negligence.

The Court finds that, while inartfully worded, Hector Jr.'s GCA claim is sufficient to give the LASD notice of all of the state claims brought against it by Hector Jr., Hector Sr., and Cristina Gutierrez. The purpose of the GCA is to give a public entity notice of an individual's claim against it sufficient for the entity to investigate and evaluate the claim. Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal.4th 441, 446 (2004). The GCA is not intended to eliminate meritorious actions. Id. The claim does not need to contain the detail and specificity required of the pleading, but need only fairly describe what the entity is alleged to have done. Garber, 698 F.Supp.2d at 1216. Further, the doctrine of substantial compliance may validate a deficient GCA claim if it substantially complies with all of the statutory requirements and puts the public entity on notice that the claimant is attempting to file a valid claim and that litigation will result if it is not paid or otherwise resolved. Id. at 1215.

The claim form at issue herein contains all of the information required under Cal. Gov. Code §910. Mot. Ex. B. The claim gives the LASD notice of all of the state causes of action filed in the complaint through reference in Hector Jr.'s "Description of damages". This information, along with the names of defendant officers, name, address and phone number of complainant, gave LASD an ample opportunity to investigate and assess the validity of the claim. Moreover, the brief description of the damages clearly indicates that Hector Jr. is filing the claims on behalf of his mother and father. Specifically, he asserts that the conduct of the defendants caused Hector Sr. and Cristina mental and emotional damage, and that the jewelry seized by the officers was his mother's property. Mot. Ex. B.

Because Hector Jr.'s claim form gave the LASD sufficient notice to investigate and evaluate all state law claims, the Court DENIES defendants' motion to dismiss plaintiffs' state law claims on the grounds that they did not sufficiently fill out a claim form pursuant to Cal. Gov. Code §§ 910, 945.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

### 2. Does Cal. Gov. Code §§821.6 & 815.2 Grant Defendants' Immunity With Respect To Some Of Plaintiff's Claims

Defendants argue that they are immune from suit under Cal. Gov. Code §§821.6 and 815.2. Mot. at 9. California Government Code §821.6 states that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. Code §821.6 (West 2006). California courts construe section 821.6 broadly to effect its purpose of protecting public employees from the threat of harassment through civil suits. County of Los Angeles v. Superior Court, 181 Cal.App.4th 218, 228 (2009). Immunity under Section 821.6 is not limited to prosecutions but extends to any acts during an investigation, even if no charges or prosecution occurs. Id. It also immunizes officials against claims by those who are not the target of the investigation or prosecution but who happen to suffer injury. Id. at 229; see also Amylou R. v. County of Riverside, 28 Cal.App.4th 1205, 1209 (1994). The immunity applies even if officers abuse their authority. County of Los Angeles, 181 Cal.App.4th at 228.

Defendants argue that a probation search is an administrative proceeding under §821.6. As such, they should be immune from plaintiffs state claims relating to the probation search under §821.6. Defendants do not claim that this immunity extends to cover plaintiffs' false imprisonment claim.

Plaintiffs argue that defendants did not engage in a valid probation search. Opp. at 16. Thus, plaintiffs argue that because the entry was not a valid investigation, §821.6 immunity should not apply. Plaintiffs further argue that §821.6 immunity does not apply to conversion claims. Tallmadge v. County of Los Angeles, 191 Cal.App.3d 251, 254 (1987).

The Court finds that there is a question of fact as to whether defendants' search was a valid probation search that would allow them immunity under §821.6. Further, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

state law claims of conversion, conspiracy, negligent employment, torts in essence, and negligence arise from defendants' actions that occurred after the search and apart from any judicial or administrative proceeding. Therefore, the Court DENIES defendants' motion to dismiss plaintiffs' state law claims based on the immunity afforded by §821.6.

### 3. Plaintiff Hector Gutierrez, Jr.'s Claim For False Arrest

Defendants' argue that Hector Jr.'s claim for false arrest does not state a valid claim. Mot. at 11. Defendants contend that to state a claim for false arrest, a plaintiff must allege that he was intentionally confined without consent, without lawful privilege, and for an appreciable period of time. Easton v. Sutter Coast Hosp., 80 Cal.App.4th 485, 496 (2000). Defendants argue that the facts alleged do not state that defendants arrested Hector Jr; therefore, plaintiff does not state a valid claim for false arrest. Mot. at 11. Defendants also argue that plaintiff's claim is barred because defendants detained plaintiff in the course of a probation compliance check. Id. Defendants also contend that Payne is not liable for false arrest because he did not arrest Hector Jr. Id.

Plaintiffs argue that Payne was an active participant in the unlawful confinement so as to be characterized as a principal. Opp. at 17. Also, according to plaintiffs, when Payne refused to release Hector Jr., he aided and abetted in the false arrest. Id.

False arrest does not require actual arrest, but rather confinement without consent. Easton v. Sutter Coast Hosp., 80 Cal.App.4th 485, 496 (2000). There is no exception under California law for false imprisonment of a third party during a probation compliance check. Watson v. Albin, 551 F.Supp.2d 954, 959 (N.D Cal. 2008). Further, plaintiff sufficiently alleges that Payne was involved in Hector Jr.'s detention. Therefore, the Court DENIES defendants' motion to dismiss plaintiffs' false imprisonment claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

### 4. Plaintiffs' Claims of Common Law Conspiracy

Defendants argue that, under California law, civil conspiracy is not a separate and distinct cause of action. Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir. 1997). Tort recovery is only allowed against a party who already owes the duty and is not immune from liability based on the applicable substantive tort law principles. Id. Consequently, defendants argue that plaintiffs fail to state a claim for civil conspiracy. Mot at 11.

Additionally, defendants contend that the complaint does not allege any involvement by Dendo or the County, or any facts showing a conspiracy between Dendo and the other officers. Mot. at 12.

Plaintiffs argue that the conspiracy is pleaded in connection with all of the tort claims included in the complaint. Opp. at 17. Therefore, plaintiffs contend that it is a valid cause of action. Plaintiffs argue that paragraph seven of the complaint spells out the known facts supporting the alleged conspiracy sufficiently to apprise the defendants what they are facing and how to respond thereto. Id.

As stated in section III. A., the allegations in the complaint specifically detail how Dendo acted to keep the plaintiffs' from obtaining their stolen property; therefore, they rise above conclusory allegations and sufficiently state a conspiracy claim. Further, plaintiffs have established that defendants' owed plaintiffs a duty of care and are not immune from liability, therefore, plaintiffs have established the requisite underlying torts to state a civil conspiracy claim. However, conspiracy requires that the party who is not committing the tort share a common plan or design with the immediate tortfeasors. Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510 (Cal. 1994). Plaintiffs fail to make such an allegation. Therefore, the Court GRANTS defendants' motion to dismiss plaintiffs' common law conspiracy claims without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

### 5. Plaintiffs' Claims for Intentional Infliction of Emotional Distress

Defendants argue that plaintiffs have not set forth facts to support an intentional infliction of emotional distress claim ("IIED"). Under California law, IIED without physical trauma can be a ground for liability only when the defendant's conduct is outrageous or has gone beyond all reasonable bounds of decency. Perati v. Atkinson, 213 Cal.App.2d 472, 474 (1963). Defendants argue that plaintiffs have not set forth sufficient facts showing that defendants' conduct is outrageous. Mot. at 12.

Plaintiffs argue that the basis of the complaint is that defendants burglarized their home, refused to provide them with a property inventory as required by law, and defied a court order for the return of their property. Opp. at 18. Plaintiffs assert that such conduct is clearly outrageous.

Plaintiffs state a plausible claim that defendants' actions constituted outrageous conduct. Therefore, the Court DENIES defendants' motion to dismiss plaintiffs' IIED claim.

### 6. Plaintiffs' Claim for Negligent Employment

Defendants argue that plaintiffs have not set forth sufficient facts to claim that Dendo had any involvement in the incident. Mot. at 13. Defendants contend that plaintiffs' allegations against Dendo are entirely conclusory and, therefore, do not amount to a viable claim for negligent employment. Id. Further, defendants contend that Dendo is immune from liability under Cal. Gov. Code §820.2. Section 820.2 states that, "except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion was abused." Cal. Gov. Code §820.2 (West 2006). Defendants claim that continuing to employ defendant officers and failing to supervise, train, and control them was a discretionary decision that is protected from liability under §820.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

Plaintiffs argue that they have made sufficient allegations that Dendo was involved in the incident. Opp. at 20. Specifically, plaintiffs claim that Dendo was immediately made aware of the thefts, and continued to turn a blind eye towards them even in the face of a court order directing LASD to return the property. Id. Also, plaintiffs allege that, "Dendo has knowledge, prior to and since this incident, of repeated allegations of abuse and misconduct" by Reyes, Payne, and Suzuki. Opp. at 21.

Plaintiffs claim that California courts have recognized public entity liability based on negligent supervision, retention and hiring of unfit persons. Opp. at 20. Plaintiffs cite multiple cases that they claim support this proposition. See White v. Superior Court 225 Cal.App.3d 1505, 1511(1990); Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333 (1998); Grundt v. City of Los Angeles, 2 Cal.3d 575 (1970).

The Court finds that, while Dendo and the County may be liable under a theory of *respondeat superior*, case law explicitly states that they cannot be held to be directly liable for negligence in the selection, training, retention, supervision, or discipline of police officers. Public entities cannot be held *directly* liable for negligence unless a specific statute declares them to be liable or creates a specific duty of care. See Eastburn v. Regional Fire Protection Authority, 7 Cal.Rptr.3d. 552, 557 (2003); Cal. Gov. Code §815 (West 2006). In Munoz v. City of Union City, the court held that California law does not provide a statutory basis to maintain a direct tort claim against a city, its police department, and its chief of police for their alleged "negligence in the selection, training, retention, supervision, and discipline of police officers." Munoz v. City of Union City, 16 Cal.Rptr.3d 521, 548 (Cal.App. 2004). Therefore, the Court DISMISSES plaintiffs' claim of negligent employment without leave to amend.

### 7. Plaintiff's Claim For Torts in Essence

Defendants argue that plaintiffs' claim for torts in essence should be dismissed because it is not an appropriate cause of action and does not apply to this case. Mot. at 13. "A tort in essence is the breach of a non-consensual duty owed another. Violation of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

statutory duty to another may therefore be a tort and violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself." Laczko v. Jules Meyers, Inc., 276 Cal.App.2d 293, 295 (1960). Defendants argue that plaintiffs' predicate claims in violation of California Penal Code are inapplicable and unsubstantiated by the allegations in the complaint, as there are no facts showing that plaintiffs were charged with a crime or prosecuted.[2] Mot. at 14. Defendants also contend that plaintiffs' claim for "tort in essence" is redundant and improper as "torts in essence" applies only when there is no common law tort under which the plaintiffs could sue based upon the alleged wrongful conduct and therefore the plaintiff sues under breach of statutory duty. Id., citing Esteem v. City of Pasadena, 2007 U.S. Dist. LEXIS 91463, *79 (C.D. Cal. 2007).

Plaintiffs argue that they have alleged that defendants have violated eighteen sections of the California Penal Code. Opp. at 25. Plaintiffs contend that they may seek civil damages from these violations as "torts in essence." Id.

The Court finds that plaintiffs have made no factual allegations that can support their "torts in essence" claim to the extent that it is premised on violations of: §§ 118(perjury), 118.1(false police reports), 127(subordination of perjury), 132(offering false evidence), 134(preparing false evidence), 135(destroying evidence), 136(witness & victim intimidation), 136.1(knowing & malicious prevention and dissuasion), and 137(b)(inducing false testimony or withholding true testimony). Therefore, the Court GRANTS defendants' motion to dismiss without prejudice with respect to plaintiffs' "torts in essence" claim to the extent it is premised on the aforementioned violations.

---

[2]Plaintiffs' predicate claims include: perjury, false police reports, subordination of perjury, offering false evidence, preparing false evidence, destroying evidence, witness and victim intimidation, knowing & malicious prevention and dissuasion, inducing false testimony or withholding true testimony, conspiracy to commit crime, cheat or defraud property, commit acts injurious to public morals, pervert and obstruct justice, theft, grand theft, embezzlement, fraudulently obtaining property, receipt for property taken, retention of property taken, and delivery of inventory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

**8. Plaintiffs Claim For Negligence**

Plaintiffs' claim that Dendo was negligent in continuing to employ Reyes and Payne, who he knew to be violent and prone to misconduct. Defendants argue that plaintiffs' negligence claim does not meet the requirements of a valid claim because it alleges solely intentional conduct. Mot. at 14. Further, defendants claim that plaintiffs' allegations of negligence are conclusory, and therefore insufficient. Id.

Plaintiffs counter that their allegations of duty, breach and damages in paragraphs seven and fifty-five of the Complaint are sufficient to meet the "short plain statement" requirements of Rule 8. Opp. at 26.

Plaintiffs' negligence claim is identical to their negligent employment claim. Therefore, the Court DISMISSES it with prejudice for the reasons described in III. C. 6.

**D. Claims Against Defendant Steve Suzuki**

Defendants argue that the plaintiffs do not allege that defendant Suzuki participated in any constitutional violation, conspiracy, intentional infliction of emotional distress, torts in essence, or negligence. Mot. at 15. Accordingly, defendants request that the claims against Suzuki be dismissed. Id.

Plaintiffs argue that Suzuki is alleged to have been a co-conspirator in the federal and non-federal claims by reason of his being in the place the alleged theft took place. The plaintiffs claim that the allegations against Suzuki meet the Rule 8 requirements.

Suzuki was present during the entire incident, therefore it is plausible that he participated in the alleged illegal conduct that took place. As a result, the Court DENIES the defendants' motion to dismiss the claims against Suzuki.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

### E. Claims Against Defendants Payne and Dendo

Defendants argue that the complaint fails to state a claim against Payne and Dendo. Mot. at 15. Defendants contend that the Complaint only alleges that Payne "offered to write a police report 'favorably' if he told Deputy Payne where guns and drugs were hidden. Thereafter, Deputy Payne moved plaintiff Hector Jr. to another patrol vehicle." Id. Defendants state that these claims are insufficient because verbal threats and harassment are insufficient to state a claim under §1983. Id., citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Other than these allegations, defendants contend that the complaint does not list any other actions taken by Payne. Therefore, defendants argue that the claims against Payne should be dismissed.

Defendants also argue that the only facts alleged against defendant Dendo are that he misrepresented that the Ombudsman exercised oversight of administrative investigations by the Sheriffs Department. Mot. at 16. Defendants claim that these facts cannot support any interaction with any of the plaintiffs. Moreover, defendants argue that Dendo is immune from claims for misrepresentation under state law. Id., citing Cal. Gov. Code §822.2 ("A public employee acting in the scope of his employment is not liable for an injury caused by misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice.").

Plaintiffs claim that Payne significantly contributed to the fraud and malice involved in the actions of the defendants. Opp. at 26. Therefore, the claims against him should not be dismissed. Id.

Plaintiffs also claim that they have sufficiently alleged that Dendo continues to be involved in their claims relating to the deprivation of the property seized during the search. Opp. at 27. In addition, §822.2 does not immunize officials against allegations of fraud, corruption, or actual malice. Id. Plaintiffs claim that they have adequately shown that Dendo may be found to have committed fraud, corruption, or actual malice. Id. Section 822.2 would also only grant Dendo immunity from state claims of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589 CAS (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Cristina Gutierrez, Hector Gutierrez Sr., Hector Gutierrez Jr. v. County of Los Angeles, Deputy Reyes #480735, Deputy Payne #470624, Steve Suzuki #259461, Captain Matt Dendo. | | |

misrepresentation. Thus, the statute would not grant him immunity as to the federal claims raised by the plaintiffs.

Regarding Payne, the Court finds that the complaint sufficiently alleges that he played an active role in the incidents relating to the search and may be liable for the claims brought as a result of the search and seizure. Therefore, the Court DENIES defendants' motion to dismiss the claims against as defendant Payne.

With respect to Dendo, the Complaint sufficiently alleges that Dendo participated in the continued wrongful deprivation of the plaintiffs' property seized during the search. Therefore, the Court DENIES defendants' motion to dismiss the claims as against Dendo.

## IV. CONCLUSION

In accordance with the forgoing the Court GRANTS without leave to amend the defendants' motion to dismiss the plaintiffs' negligent employment and negligence claim. The Court also GRANTS without prejudice defendants' motion with respect to the conspiracy charge in the plaintiffs' §1983 claim and the plaintiffs' "torts in essence" to the extent that they are premised upon violations of state law prohibitions of perjury, false police reports, subordination of perjury, offering false evidence, preparing false evidence, destroying evidence, witness & victim intimidation, knowing and malicious prevention and dissuasion, and inducing false testimony or withhold true testimony. The Court DENIES defendants' motion to dismiss with respect to all other claims.

Plaintiffs shall submit an amended complaint within **thirty (30) days**. Plaintiffs are admonished that if they do not file an amended complaint the claims may be dismissed with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | CMJ |