UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589-CAS (PLAx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | CRISTINA GUTIERREZ, ET AL. V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Thomas Beck | Erica Bianco |
| | Richard Rodriguez-Campbell |
| | Thomas Hurrell |

**Proceedings:** **DEFENDANTS' MOTIONS IN LIMINE** (filed July 1, 2013) [56, 57, 58, 69, 60]

## I.   INTRODUCTION

On October 12, 2010, plaintiffs Cristina Gutierrez, Hector Gutierrez Sr., and Hector Gutierrez Jr. filed the complaint in the instant action against defendants County of Los Angeles (the "County"); Deputy Reyes # 480735 ("Reyes"), individually and as a peace officer; Deputy D. Payne #470624 ("Payne"), individually and as a peace officer; Steve Suzuki #259461 ("Suzuki"); and Captain Matt Dendo ("Dendo"). The gravamen of plaintiffs' complaint is that defendant officers entered their residence under the guise of a probation search related to Alvaro Gutierrez, the Gutierrez's son and brother of Hector Jr., and removed jewelry and firearms with no reason to do so.

On July 1, 2013, defendants filed five motions in limine, which are presently before the Court. Plaintiffs have opposed all five motions.[1] After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] The Court exercises its discretion to consider plaintiffs' late-filed oppositions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589-CAS (PLAx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | CRISTINA GUTIERREZ, ET AL. V. COUNTY OF LOS ANGELES, ET AL. | | |

**II.    DISCUSSION**

    **A.    Motion in Limine No. 1**

Defendants argue that any evidence relating to "The Code of Silence" should be excluded as irrelevant and unduly prejudicial. The Court agrees. Pursuant to Federal Rule of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, . . . misleading the jury, . . . undue delay . . . [or] waste of time." In this case, evidence concerning "The Code of Silence" is of no relevance in proving whether defendants violated plaintiff's civil rights. Moreover, the introduction of such evidence would likely result unfair prejudice to defendants. Therefore, the Court finds that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. Defendants' motion in limine no. 1 is GRANTED.

    **B.    Motion in Limine No. 2**

By way of their second motion in limine, defendants seek to exclude any evidence of alleged past acts committed by Deputy Reyes, or unsubstantiated complaints directed against him by third-parties. Federal Rule of Evidence 404(b)(1) prohibits the introduction of "evidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may be used, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Plaintiff claims that two incidents are "highly probative." The first involves an "unsubstantiated" complaint that Reyes took money from a person by the name of Frank Escamilla while working as a courtroom bailiff on April 30, 2004. Escamilla is prepared to testify that Reyes, in his opinion, is "an untrustworthy liar and thief." The second is a 2011 "incident" involving Fred Meza, who, after a jury trial, was acquitted of felony possession of a firearm. He contends that the accusations leveled against him by Deputy Reyes were false and Reyes committed "perjury" by testifying at his trial to the contrary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589-CAS (PLAx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | CRISTINA GUTIERREZ, ET AL. V. COUNTY OF LOS ANGELES, ET AL. | | |

The Court finds that evidence regarding other complaints made against Deputy Reyes should not be admitted. First, neither of these other acts are anything more than wholly unsubstantiated charges being leveled against Deputy Reyes to impugn his character. These unsubstantiated charges are not the type of "other acts" evidence that may be used at trial. See U.S. v. Corona, 34 F.3d 876, 881 (9th Cir. 1994) (holding that the evidence must be sufficient to support a finding that "the defendant committed the other act" to be admissible under Rule 404(b)). Second, even if plaintiffs had sufficient evidence to prove that these alleged acts actually took place in the manner that plaintiffs contend, plaintiffs have not demonstrated how these acts are relevant to proving their case, other than by impermissible character-based reasoning. These acts do not go towards proving Reyes' alleged "plan" to commit theft or other permissible purpose, as plaintiffs have no evidence of such a plan or modus operandi. Plaintiffs may not introduce evidence of these acts under Rule 404(b).

For similar reasons, plaintiffs may not inquire about these alleged acts on cross-examination. Rule 608(b) provides that a court may allow inquiry into specific instances of a witness's conduct on cross-examination if they are probative of the [witness's] character for truthfulness or untruthfulness." As with Rule 404(b), the Court will not permit plaintiffs to inquire about unsubstantiated instances of prior conduct that are not probative of Reyes' character for untruthfulness. Accordingly, defendants' motion in limine no. 2 is hereby GRANTED.

    C.    **Motion in Limine No. 3**

Defendants seek to exclude any evidence of Deputy Reyes' financial condition at the time of the incident on relevance grounds. In their view, the fact that Reyes may have had financial difficulties at the time of the search and seizure of plaintiffs' residence has no bearing on any of plaintiffs' claims.

The parties agree that Deputy Reyes' intent is not an element of any of plaintiffs' claims pertaining to the alleged theft of their jewelry. The constitutional claims that plaintiffs assert under section 1983 depend on the objective reasonableness of the deputy's actions; the conversion claim is a strict liability tort under California law and therefore requires no proof of the defendant's knowledge or intent. See Oakdale Vill. Grp. v. Fong, 43 Cal. App. 4th 539, 543–44 (1996). For all of plaintiffs' claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589-CAS (PLAx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | CRISTINA GUTIERREZ, ET AL. V. COUNTY OF LOS ANGELES, ET AL. | | |

pertaining to the alleged theft, the question before the jury will be a simple one—did Deputy Reyes impermissibly take or come into possession of plaintiffs' jewelry?

In the criminal context, where motive is not an element of the charged offense, extrinsic evidence of motive may nonetheless be admissible if it is "relevant to establish an element of the offense that is a material issue." United States v. Brown, 880 F.2d 1012, 1014 (9th Cir. 1989). For example, evidence of motive may be offered to demonstrate that the alleged act in fact committed, or to prove the identity of the actor. Id.

However, the Ninth Circuit has held the government to a stringent standard when it seeks to offer evidence of a defendant's poverty to demonstrate motive. The "traditional view" is that "that evidence of poverty is not admissible to show motive, because it is of slight probative value and would be unfairly prejudicial to poor people charged with crimes." United States v. Mitchell, 172 F.3d 1104, 1108 (9th Cir. 1999). However, evidence of "impecuniosity" may properly be probative where there has been "an unexplained and abrupt change of circumstances" for the defendant, or where the evidence "establishes a likelihood of desperate need and lack of self control, not just financial interest in being richer." Id. at 1109. There is also a high "danger of unfair prejudice" when poverty evidence is at issue. In general, "[t]hat a person is feckless and poor, or greedy and rich, without more, has little tendency to establish that the person committed a crime to get more money, and its probative value is substantially outweighed by the danger of unfair prejudice." Id. at 1110; see also United States v. Bensimon, 172 F.3d 1121, 1128 (9th Cir. 1999) (finding admission of the defendant's contemporaneous bankruptcy filing as evidence of his "financial motive" for committing crimes involving the sale of narcotics to be in error).

The Court concludes that plaintiffs may not offer this evidence at trial, as plaintiffs have failed to demonstrate that Reyes had an abrupt change in circumstances at the time of the incident or "evidence of a specific and immediate financial need" that the theft of the jewelry could meet. Bensimon, 172 F.3d at 1129. Here, plaintiffs seek to offer evidence that Reyes' personal residence was foreclosed on during the same time interval as the incident in question. Reyes testified in his deposition that he lost the house because his wife separated from him and he could not afford to pay for the balance on the note by himself. Plaintiffs also intend to call into question the credibility of Reyes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589-CAS (PLAx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | CRISTINA GUTIERREZ, ET AL. V. COUNTY OF LOS ANGELES, ET AL. | | |

assertion that he separated from his spouse in 2009, as Los Angeles County Superior Court records demonstrate that his spouse separated from Reyes in 2000. While this evidence may be of marginal relevance in demonstrating Reyes' motive to steal, it lacks the "something more" that the Ninth Circuit has repeatedly held is required before poverty evidence is offered to prove a defendant's motive to commit a crime. Because what plaintiffs accuse Deputy Reyes of in this litigation is closely analogous to that of criminal theft—but without the need to prove intent—the Court finds that this evidence should be excluded here.

At oral argument, plaintiffs contended that they seek to offer this evidence, along with evidence of Reyes' yearly earnings, to demonstrate that a person making this sort of income should not be in foreclosure. While the Court is unclear as to the inference plaintiffs seek to gain by introducing the evidence in this fashion, this also does not appear to be a permissible use of extrinsic evidence. Accordingly, the Court GRANTS defendants' motion in limine no. 3.

### D.     Motion in Limine No. 4

Defendants' fourth motion seeks to exclude any evidence of the County of Los Angeles Office of Ombudsman's review of the Sheriffs' Department's investigation in this case. After their alleged inability to obtain a meaningful review of the incident by the Sheriffs Department, including the alleged theft of their jewelry, plaintiffs asked the Ombudsman to inquire into the circumstances of their complaint and subsequent investigation.

In their complaint, plaintiffs reference the Ombudsman only in their Monell claim, which plaintiffs abandoned in response to defendants' motion for summary judgment. However, plaintiffs now contend that the Ombudsman's review was so egregiously flawed as to cause plaintiffs extreme emotional distress, which goes towards proving their claim for intentional infliction of emotional distress ("IIED") directed against the County. There is no dispute that the Ombudsman is an entity that falls under the County's umbrella. While falling short of calling the Ombudsman's actions intentional, plaintiffs argue that the Ombudsman acted in such a manner as to recklessly disregard the substantial certainty that their behavior would result in extreme emotional distress. See,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589-CAS (PLAx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | CRISTINA GUTIERREZ, ET AL. V. COUNTY OF LOS ANGELES, ET AL. | | |

e.g. Molko v. Holy Spirit Ass'n, 46 Cal. 3d 1092, 1122 (1988) (reckless disregard of the probability of causing emotional distress is sufficient to prove an IIED claim).

While plaintiffs may convey that they sought out the Ombudsman's review and that such review confirmed the Sheriffs' Department's findings, the "thoroughness" of any review has little to no bearing on plaintiffs' claims against the named defendants to this litigation. The evidence presently in the record falls well short of demonstrating that the employees Ombudsman's office acted in "reckless disregard" of the substantial likelihood that their actions would cause plaintiffs extreme emotional distress. Absent evidence of outrageous or extreme behavior, evidence of the Ombudsman's review will be of minimal probative value in proving plaintiffs' IIED claim.

In addition to its minimal probative value, this evidence has a substantial likelihood of confusing the issues and misleading the jury. Fed. R. Evid. 403. Nothing about this review concerns whether the Sheriffs' Department unconstitutionally deprived plaintiffs of their property and conspired to conceal this fact from plaintiffs, which are the major issues to be resolved at trial. Plaintiffs insinuations about the ineffectiveness of the Ombudsman's office could serve as a major distraction from these core issues at trial.

Accordingly, the Court GRANTS defendants' motion in limine no. 4, although plaintiffs may offer this evidence to the extent noted herein.

### E. Motion in Limine No. 5

This motion in limine seeks to exclude any letters that plaintiffs sent to the Sheriffs' Department and Sheriff Leroy Baca complaining about the incident and subsequent investigation of their complaints. In defendants' view, this evidence is irrelevant to proving whether or not they are liable for violating plaintiffs' constitutional rights, as plaintiffs' dissatisfaction has nothing to do with whether the search and investigation were constitutionally deficient.

The Court will allow plaintiffs to present this correspondence between themselves and members of the Sheriffs' Department at trial, as this evidence is likely admissible to corroborate plaintiffs' allegations in this action. Through this correspondence, plaintiffs could demonstrate that they consistently complained about (1) their treatment during the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589-CAS (PLAx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | CRISTINA GUTIERREZ, ET AL. V. COUNTY OF LOS ANGELES, ET AL. | | |

incident, (2) alleged theft of their jewelry, and (3) the subsequent investigation. While this evidence does not "prove" that the Sheriffs' investigation violated their constitutional rights or that a deputy took plaintiffs' jewelry, it will likely serve to corroborate plaintiffs' testimony at trial, including plaintiffs' contention that they consistently complained about the theft of their jewelry. Because credibility will very much be at issue, the Court finds that plaintiffs may offer this circumstantial evidence at trial. Accordingly, defendants' fifth motion in limine is DENIED.

## III.   CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motions in limine nos. 1, 2, 3, and 4 to the extent noted herein. The Court DENIES defendants' motions in limine no. 5.

IT IS SO ORDERED.

|  |  | 00 | : | 12 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |