UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589-CAS (PLAx) | Date | November 5, 2013 |
|---|---|---|---|
| Title | CRISTINA GUTIERREZ, ET AL. V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants

Not Present                                            Not Present

**Proceedings:**     (In chambers:) PLAINTIFFS' MOTION FOR A NEW TRIAL (dkt. 128, filed October 2, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 18, 2013, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

On October 12, 2010, plaintiffs Cristina Gutierrez, Hector Gutierrez Sr., and Hector Gutierrez Jr. filed the complaint in the instant action against defendants County of Los Angeles (the "County"); Deputy Reyes # 480735 ("Reyes"), individually and as a peace officer; Deputy D. Payne #470624 ("Payne"), individually and as a peace officer; Steve Suzuki #259461 ("Suzuki"); and Captain Matt Dendo ("Dendo"). The gravamen of plaintiffs' complaint is that defendant officers entered their residence under the guise of a probation search related to Alvaro Gutierrez, the Gutierrez's son and brother of Hector Jr., and removed jewelry and firearms with no reason to do so.

The case proceeded to a jury trial on August 20, 2013, with the jury returning a special verdict on August 27, 2013. The jury found for defendants on all claims. Dkt. 120 (Special Verdict). On September 6, 2013, the Court entered judgment in favor of defendants.

On October 2, 2013, plaintiffs filed a motion for a new trial. On October 15, 2013, defendants filed their opposition, and on October 31, 2013, plaintiffs replied. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589-CAS (PLAx) | Date | November 5, 2013 |
|---|---|---|---|
| Title | CRISTINA GUTIERREZ, ET AL. V. COUNTY OF LOS ANGELES, ET AL. | | |

## II.   LEGAL STANDARD

A court may grant a new trial if the jury's verdict is against the clear weight of the evidence. Landes Const. Co., Inc. v. Royal Bank of Can., 833 F.2d 1365, 1371 (9th Cir. 1987). In considering a Fed. R. Civ. P. 59 motion, the court may "weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." Id. at 1371-72 ("If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial."). However, the court should only grant a new trial if, without substituting its judgment for that of the jury, the court is firmly convinced that the jury made a mistake. Id. at 1372.

## III.   DISCUSSION

Plaintiffs rest their motion for a new trial primarily on the contention that the Court erred in several pretrial evidentiary rulings. On July 1, 2013, defendants filed five motions in limine, two of which sought to exclude evidence relating to (1) alleged past misconduct of defendant Reyes and (2) defendant Reyes' financial condition. Dkt. 57, 58. By order dated July 29, 2013, the Court granted these motions in limine. Dkt. 83. Plaintiffs argue that these rulings were erroneous, and that preventing the jury from seeing this evidence deprived plaintiffs of a fair trial.

In particular, plaintiffs argue that evidence regarding the alleged past misconduct of defendant Reyes should have been admitted under Federal Rule of Evidence 608, which allows for cross-examination into specific instances of a witness's conduct if "they are probative of the character for truthfulness or untruthfulness." Similarly, plaintiffs argue that evidence regarding defendant Reyes' financial misconduct should have been admitted under Federal Rule of Evidence 404(b)(2), which allows for the introduction of evidence insofar as it is probative of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Plaintiffs contend that evidence of defendant Reyes' financial condition was probative of Reyes' motive to steal plaintiffs' jewelry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7589-CAS (PLAx) | Date | November 5, 2013 |
|---|---|---|---|
| Title | CRISTINA GUTIERREZ, ET AL. V. COUNTY OF LOS ANGELES, ET AL. | | |

Plaintiffs previously advanced all of these arguments in their oppositions to defendants' motions in limine. See, e.g., dkt. 73 at 5–9. Indeed, plaintiffs' discussion in their motion for a new trial appears to have been substantially adopted from their oppositions to the motions in limine. Compare, e.g., dkt. 73 at 14 with dkt. 128 at 9. Furthermore, the Court previously addressed plaintiffs' arguments at length in its order granting defendants' motions of limine. See dkt. 83 at 2–5. The Court declines to revisit its prior conclusions on these issues. Accordingly, the Court finds that plaintiffs are not entitled to a new trial on the grounds that evidence was improperly excluded.

Plaintiffs also contend that they are entitled to a new trial because the "verdict is a gross miscarriage of justice." Dkt. 128 at 17. Specifically, plaintiffs argue that the evidence incontrovertibly shows that defendants removed jewelry from plaintiffs' home. After reviewing the evidence presented at trial, the Court declines to disturb the jury's conclusion that plaintiffs did not carry their burden in this case. See, e.g., Gray v. Shell Oil Co., 469 F.2d 742, 747 (9th Cir. 1972) ("The jury resolved these issues . . . and we will not disturb the verdict.").

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiffs' motion for a new trial.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |